JAMES C. FLYNN and Another v. TIMOTHY FOLEY and Others.[1]

February 5, 1904.

Nos. 13,770—(210).

**Equity Jurisdiction—Complaint.**

> Upon the consideration of a complaint on demurrer, *held*, that it sets forth substantial grounds for the establishment of a fiduciary relation between trustees and their beneficiaries, as well as for an accounting, in connection with a defective claim for damages, but, as a whole, embraces claims for relief within the scope of equitable jurisdiction, which is of sufficient authority to furnish a remedy, and that causes of action of an equitable and legal nature are not improperly united.

Appeal by defendants, Timothy Foley and others, copartners as Foley Brothers, from an order of the district court for Morrison county, Baxter, J., overruling a demurrer to the complaint. Affirmed.

*Harris Richardson,* for appellants.

*Stewart & Brower* and *Lindbergh & Blanchard,* for respondents.

LOVELY, J.

Appeal from an order overruling a demurrer to a complaint on the ground that it fails to state a cause of action, and that several causes of action are improperly united. The somewhat lengthy narration of facts in the complaint may be compressed into a much briefer statement, to present the contentions of the parties.

The challenged pleading alleges that plaintiffs, who were the owners of a valuable block and building, rented for stores, offices, and lodg-

[1]Reported in 98 N. W. 332.

ings, in the city of Little Falls, mortgaged the property to Foley Brothers, defendants; evidencing the loan by two notes, dated July 31, 1893—one for $3,000, due one year from date, and one for $12,000, due two years from date. For the alleged purpose of avoiding tax assessments on the mortgage, Foley Brothers, while having the beneficial interest therein, had the same executed to their sister, the defendant Ellen Hall. At the time when the note last payable became due, July 31, 1896, plaintiffs had been able to pay only the interest on the loan and a portion of the taxes, but could not pay either of the notes, and an agreement was made through the intervention of the Foleys' confidential agent, defendant Schwartz, whereby Foley Brothers agreed to pay the plaintiffs the further sum of $500, take possession of the building, collect the rents, pay taxes, and extend the time of payment of the mortgage debt, which they still held in the name of their sister, for fourteen months, and agreed not to foreclose the same until that period should expire, and plaintiffs were to have the right to rentals applied in payment of the $500 and the amount due on the mortgage indebtedness. To carry out this purpose, a written agreement was entered into between Schwartz, acting for Foley Brothers, and plaintiffs, wherein it was assumed that Schwartz, as owner of the property, should collect the rents and carry out the purposes above expressed; but this agreement failed to express, as it is claimed it should have done, the alleged trust relationship of Schwartz to Foley Brothers; also failed to contain the provision that the time of the payments of the notes should be extended, and that during the period of fourteen months the right to foreclose should be held in abeyance.

It is further set forth that the property was deeded to Schwartz by plaintiffs, but, notwithstanding the agreement with reference to the extension of time, Schwartz, for the Foleys, commenced foreclosure proceedings by advertisement seven days after the execution of the extension agreement, prosecuted the same to a sale, and, on the expiration of the period of redemption, sold and conveyed the property to the defendant Buckman, who took possession; that the Foleys collected the rents and profits; that Buckman knew of the transactions and facts above stated, and continued to collect the rents after his purchase; that no account thereof has been made; also that by mistake the fore-

closure proceedings set forth in the notice of publication an incorrect description of the record of the mortgage.

The plaintiffs ask that the mortgage to Ellen Hall be reformed, so as to show the fact of her fiduciary relation to the Foleys; also that the agreement with Schwartz, in acting for the Foleys, be reformed to show he was, their agent, in order to connect such relationship to the defendant Hall and Buckman, to whom they conveyed the property; that there be an accounting between the owner of the land and Buckman, and a balance be struck as to the amount actually due, with proper interest, and that plaintiffs be allowed to redeem, if there be any such balance on the original indebtedness and interest; and, in case that it be found that Buckman was a bona fide purchaser, that plaintiffs have damages against Foley Brothers.

In our examination of the complaint, we find it deficient in setting forth allegations of fraud to show a cause of action against Foley Brothers or Buckman for damages, and, without substantial amendments, a recovery upon those allegations alone could not be had; but there can be no question but what it is sufficiently set forth that the purchaser of the property from the Foleys had full knowledge of their relationship to Mrs. Hall and Schwartz, who acted as their trustees, and had also notice of the violation of the agreement to extend the time of payment of the mortgage based upon a sufficient consideration therefor, which would authorize substantial relief to establish the trust relation, and direct an accounting between the trustees and beneficiaries, which is the peculiar subject of equitable cognizance. Brown v. Maplewood Cemetery Association, 85 Minn. 498, 89 N. W. 872. And it does not follow, because the plaintiffs have asked damages against Foley Brothers, even if the allegations to show that plaintiffs were entitled thereto are insufficient, that this would deprive a court of equity of its jurisdiction, which, having been acquired, may be retained to do full and complete justice between the parties.

We are not authorized to speculate upon the eventualities that may occur in the trial of a suit, and it is unnecessary to go further than to say that the subject of the controversy embraces the trust relations alleged to exist between the several necessary and proper parties involved in this litigation; that the equitable jurisdiction would properly include the entire subjects in dispute, and has ample powers and

is competent to afford adequate and complete relief. There was a sufficient cause of action of equitable cognizance set forth, and no misjoinder of causes of action.

Order affirmed.